UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRISTA L. BURGESS and GREGORY BURGESS,<br><br>        Plaintiffs,<br><br>   v.<br><br>LISA K. FIEBER, as Executor of the Estate of Samuel L. Fieber, Deceased,<br><br>        Defendant,<br><br>and<br><br>MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND,<br><br>        Interested Party. | Case No. 10-cv-918-JPG |

**MEMORANDUM AND**
**ORDER TO SHOW CAUSE**

In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled.  The Court has noted the following defect in the jurisdictional allegations of the Notice of Removal (Doc. 4) filed by Mid Central Operating Engineers Health and Welfare Fund:

- **Failure to allege a federal question under 28 U.S.C. § 1331.**  The Complaint does not allege any cause of action arising under the Constitution, laws or treaties of the United States.  Claims by ERISA-governed welfare plans in proceedings to adjudicate liens that do not contest the right to subrogation generally do not present a federal question.  *See Speciale v. Seybold*, 147 F.3d 612 (7th Cir. 1998); *Blackburn v. Sundstrand Corp.*, 115 F.3d 493 (7th Cir. 1997);  *see also Hart v. Wal-Mart Stores, Inc. Assocs. Health and Welfare Plan*, 360 F.3d 674, 676 (7th Cir. 2004) (affirming award of attorney's fees in wrongful removal of similar case).

The Court hereby **ORDERS** Mid Central Operating Engineers Health and Welfare Fund

to **SHOW CAUSE** on or before December 10, 2010**,** (1) why this case should not be remanded to state court for lack of subject matter jurisdiction and (2) why, under 28 U.S.C. § 1447(c), the Court should not impose costs and actual expenses, including attorney fees, incurred by the plaintiffs as a result of the removal.  The plaintiffs shall have ten days to respond to Mid Central Operating Engineers Health and Welfare Fund's response.  The Court will consider a motion by Mid Central Operating Engineers Health and Welfare Fund to voluntarily remand this case to state court as an acceptable response to this order to show cause.  Failure to respond to this order may result in remand of this case for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**DATED:  November 18, 2010**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**